## PEOPLE v. WORTH et al.

### No. 15,005; August 16, 1893.

#### 33 Pac. 913.

**Bail Bond.**—The Fact That Judgment on a Bail Bond is rendered against the principal, who was not summoned and who did not appear, does not render it invalid as to the sureties, against whom judgment was also rendered, in accordance with the terms of the bond making each surety liable for the full amount thereof.

APPEAL from Superior Court, Sonoma County; A. K. Dougherty, Judge.

Action by the people of the state of California against Charles H. Worth, as principal, and others, as sureties, on a bail bond. Judgment for plaintiff and the sureties appeal. Affirmed.

James W. Oates for appellants; A. G. Burnett for respondent.

GAROUTTE, J.—The defendant, Worth, being under arrest, charged with the commission of a criminal offense, was released from custody upon filing an undertaking on appeal, wherein he was principal, and the present appellants sureties. Upon his failure to appear, the bail bond was declared forfeited, and this action was brought to recover thereon. Judgment went for the people, and this appeal is prosecuted by the sureties on the bail bond from the judgment and order denying a new trial. There appears to have been neither a service of summons upon the defendant Charles H. Worth, nor any appearance by him, although the judgment is rendered against him, as well as the sureties upon the bail bond; and upon this ground the judgment is attacked by the appellants. The liability of each surety upon the bond was for the full amount thereof, and the judgment is to the same effect. We are unable to see in what manner appellants are injured by the judgment of which they complain. The fact that other parties are made liable by its terms should be a source of satisfaction to them rather than of complaint, as it furnishes additional

aid in bearing its burdens. Conceding the facts as contended, the wrong done by the trial court was committed against Charles H. Worth, and he has taken no appeal. The judgment is a valid judgment as to appellants in all respects, and its invalidity as to others not complaining is a matter with which they have no concern. We see no valid objection to the form of the order declaring the bail bond forfeited. For the foregoing reasons, let the judgment and order be affirmed.

We concur: Beatty, C. J.; Harrison, J.